UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DARRYL KENDRICKS, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:11-CR-27-HSM-SKL-1 |
| | ) | | 1:16-CV-275-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's amended pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 195, 197, 198].[1] He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 22, 2016 [Doc. 199]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  **BACKGROUND**

In 2011, Petitioner pled guilty, and was later convicted of, conspiring to manufacture and distribute at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 144]. Based on a prior felony drug trafficking conviction and because the

---

[1] The Court received Petitioner's original pro se petition on June 27, 2016 [Doc. 195]. Over the next month, Petitioner filed two pro se supplements expounding upon his single request: sentencing relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Docs. 197, 198].

United States filed a timely notice of enhancement under 21 U.S.C. § 851, Petitioner faced a twenty-year statutory mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 10, 95–97]. In accordance with the statutory mandate, this Court sentenced Petitioner to 240 months' imprisonment on November 9, 2011 [Doc. 144]. Petitioner did not file a direct appeal.

Nearly two years later, Petitioner submitted the instant motion seeking collateral relief in light of the *Johnson* decision [Docs. 195, 197, 198].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under § 924(e), enhancement as a career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or application of an enhanced
2

base offense level under Section 2K2.1 of the same fails because the record conclusively demonstrates that he was never subjected to these provisions [PSR ¶¶ 10, 95–97].[2]

To the extent Petitioner argues that the *Johnson* decision somehow undermines his statutory enhancement, he is mistaken. The criminal provision at issue, § 841(b)(1)(A), provides for an enhanced sentence of incarceration where the defendant has a "prior felony drug offense" and defines that term as any offense "punishable by imprisonment for more than one year under any [state, federal, or international] law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. 802(44). Because the provision does not contain a residual clause, the *Johnson* decision is inapposite.

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

3

*Accord United States v. Darling*, 619 F. App'x 877, 880 n.5 (11th Cir. 2015) (explaining that the *Johnson* decision "has no bearing" on the designation of controlled-substance convictions).

To the extent Petitioner complains that the Court improperly assigned criminal history points for prior a drug trafficking conviction under which Petitioner never served any term of imprisonment [Doc. 198 pp. 4–5], the *Johnson* decision is inapposite. Each prior conviction that resulted in criminal history points did so because it constituted a prior "sentence of imprisonment exceeding one year and one month" under Section 4A1.1(a), prior "sentence of imprisonment of at least sixty days" under Section 4A1.1(b), or otherwise qualified under Section 4A1.1(c), not because it was a "crime of violence" under the ACCA residual clause. Thus, Petitioner's reliance on *United States v. Chatmon*—which held that a conviction "could still count as a predicate offense" for purpose of the career offender statute so long as it "qualifies as a 'prior sentence' under [Section] 4A1.1(c)," 565 F. App'x 345, 353 (6th Cir. 2014), is misplaced.

## IV. CONCLUSION

For the reasons discussed, Petitioner's supplemented § 2255 motion [Docs. 195, 197, 198] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

4

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE